**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SCOTT K. PETERSMARCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-327-GPM |
| | ) | |
| DR. ROBERT PARKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Scott Petersmarck, currently an inmate in the Taylorville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### CLAIMS ASSERTED

Petersmarck states that before to his incarceration, he was diagnosed as bipolar with manic depression and acute suicidal tendencies. He also suffers from migraine headaches and a degenerative disc in his lower back. His personal physicians prescribed numerous medications to treat these conditions. At some point, Petersmarck was arrested on unspecified charges and detained in the Jefferson County Detention Facility (JCDF) in Mt. Vernon, Illinois. His complaint alleges, vaguely, that "they" at JCDF provided him with only one of his prescribed medications, causing him suffering and constant pain.

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S. Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium

constitutes deliberate indifference to patient's psychiatric condition).  Moreover, the Seventh Circuit

considers the following to be indications of  a serious medical need:  (1) where failure to treat the

condition could "result in further significant injury or the unnecessary and wanton infliction of

pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and

worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an

individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v.

Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  Thus, it appears that Petersmarck may have had serious

medical needs that were not being treated.

### DEFENDANTS

Although Petersmarck lists seven different individuals as defendants in the caption of his

complaint form, in the text of the complaint he makes only one specific allegation against one of

them:  when Petersmarck apparently spoke to Lt. Mount about his concerns, Mount allegedly told

him to "go ahead and sue, that he don't care."  However, attached to the complaint are copies of

several grievances that Petersmarck filed at the JCDF, four of which directly address his medical

treatment.  In these grievances, Petersmarck complains that Dr. Parks improperly refused to provide

him with all his medications.  Reading the complaint in conjunction with these grievances, it is clear

to the Court that "they" refers to Defendant Parks.  The only other medical professional listed in the

caption is P.A. Michelle Burrwell.  A "Dr. Michele" is mentioned in just one grievance (Exhibit G,

Grievance #3478), but that grievance does not relate to his medical care.  All other named

defendants are administrators and officers at JCDF to whom Petersmarck may have complained

about his medications.

Petersmarck seems to think that any prison employee who knows (or should know) about

his problems has a duty to fix those problems.  That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's."  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).  As Chief Judge Easterbrook recently stated:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.  The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care.  That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.  *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

Applying these standards to the allegations in the complaint and attached grievances, the Court finds that Defendant Parks is the only proper defendant in this action.

SUMMARY

**IT IS HEREBY ORDERED** that Defendants **BURRWELL, MULCH, POLLARD, HUGHEY, MOUNT** and **MANSKER** are **DISMISSED** with prejudice from this action.  Plaintiff is advised that, within the Seventh Circuit, dismissal of these defendants counts as a strike for

purposes of § 1915(g).  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Bariboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **PARKS**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **PARKS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to any former employee of the Jefferson County Detention Facility who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by Defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless Defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice will result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  11/03/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge